**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re:                                                                    Chapter 7

BOBBY JOHN FLUELLEN,                                   Case No. 05-40336 (ALG)

                             Debtor.


------------------------------------------------------------------x

**AMENDED MEMORANDUM OF OPINION AND ORDER
DENYING MOTION**

A P P E A R A N C E S:

BOBBY JOHN FLUELLEN
Pro se

MICHAEL J. GARCIA
Counsel for the Social Security Administration
and the Department of Veterans Affairs
  By:  Peter M. Skinner, Esq.

**ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE**

      Before the Court is a motion (the "Motion") by Bobby John Fluellen (the

"Debtor") *pro se*[1] for "reconsideration" of the Court's order of discharge, entered July 16,

2005, and the opposition of the Social Security Administration ("SSA") and the

Department of Veterans Affairs ("VA" and, together with the SSA, the "Government").

The Debtor has indicated in the Motion and at hearings before this Court that he seeks

two forms of relief. First, the Debtor requests an award of benefits that the SSA denied

---

[1] The Debtor refused the Court's offer to attempt to find him *pro bono* legal services.

1

him in 1999 due to excess income.  Second, the Debtor requests that the Court overturn a determination made by the VA in 1997 that the Debtor received overpayments of VA benefits.

    **I.**       **Social Security Administration Claim**

In March 1999, the Debtor applied for Supplemental Security Income ("SSI") benefits.  By letter dated March 29, 1999, the SSA denied the Debtor's application because the Debtor's income level was above the statutory threshold for receipt of SSI benefits.  Although the letter explained that the Debtor could appeal the SSA's denial of SSI benefits administratively, the Debtor did not do so and now requests review by this Court.

The Government claims that this Court lacks jurisdiction to consider this matter because the Debtor did not exhaust his administrative remedies with respect to his application.  As many courts have recognized, judicial review of a Social Security benefit determination is prohibited where a claimant has failed to exhaust his administrative remedies as required by § 405(g) of the Social Security Act.  See *Ryan v. Bentsen*, 12 F.3d 245, 247 (D.C. Cir. 1993); *Marcus v. Sullivan*, 926 F.2d 604, 612-14 (7th Cir. 1991); *Matthews v. Chater*, 891 F. Supp. 186, 188 (S.D.N.Y. 1995).  There does not appear to be any reason why this rule should not apply in this case or why a 1999 determination can be opened up here now.  This is especially true because if the Debtor had pursued his remedies in 1999, his further appeal would have been to District Court, not Bankruptcy Court.  See 42 U.S.C. §§ 405(g) and (h).  Accordingly, this Court has no power to review the SSA's denial of SSI benefits.

**II.     Department of Veteran's Affairs Claim**

The Debtor began receiving improved pension benefits from the VA in January 1996.  In September 1997, the VA determined that the Debtor was ineligible for these benefits due to certain other benefits he was receiving from the SSA.  The VA further determined that the VA benefits the Debtor received from January 1996 through September 1997 were overpayments and that the Debtor therefore owed the VA $15,844.65.  In October 2001, the Department of Treasury began utilizing the Treasury Offset Program to allocate a portion of the Debtor's monthly Social Security Disability ("SSD") payments to his VA debt.  The offsets were terminated as a result of the Debtor's bankruptcy filing on February 3, 2005, and the remaining balance of the Debtor's VA debt in the amount of $13,526.55 was discharged pursuant to the Court's order of discharge entered on July 16, 2005.  The Debtor now seeks the $2,3181.10 that was withheld from the Debtor's monthly SSD payments pursuant to the Treasury Offset Program.

The Treasury Offset Program is a federal program governed by the Debt Collection Act of 1982 and the Debt Collection Improvement Act of 1996, which allow the Department of the Treasury to collect delinquent debts owed to federal agencies by administrative offset.  Specifically, § 3716 of the Debt Collection Improvement Act authorizes the offset of payments made to individuals under the Social Security Act.  31 U.S.C. § 3716(c)(3)(A)(i); *cf. Lockhart v. United States*, 126 S. Ct. 699 (U.S. 2005) (United States permitted to recover student loan debt by way of offset against Social Security benefits).  The Debtor does not allege that the Department of Treasury failed to comply with the statutory predicates for offsetting the Debtor's monthly SSD payments

3

to collect on the Debtor's VA debt but seeks to have this Court overturn the VA's overpayment determination of 1997 and direct repayment to him (not his Chapter 7 trustee) of the $2,3181.10 in withheld SSD benefits.

With respect to the determination that gave rise to the recoupment, the Government states that "[j]urisdiction for review of VA benefits determinations is limited to the Board of Veterans' Appeals, the United States Court of Appeals for Veterans Claims, the United States Court of Appeals for the Federal Circuit, and the United States Supreme Court."  (Opp., ¶ 10).  See 38 U.S.C. §§ 7104, 7252(a), 7292(c); see also *Sugure v. Derwinski*, 26 F.3d 8, 10-11 (2d Cir. 1994).  The Debtor has apparently sought and been denied relief from both the United States Court of Appeals for Veterans Claims and the United States Court of Appeals for the Federal Circuit.  The Bankruptcy Court is not part of the appellate process for the review of VA benefit determinations.

For the reasons stated above, the Motion is denied.  The Chapter 7 case may be closed once the Debtor has had an opportunity to amend his schedules to add a debt (see accompanying order of today's date).  For unexplained reasons, the Debtor's motion was also reformulated as Adversary Proceeding No. 05-03203 (ALG).  The Court deems the Government's papers a motion for summary judgment and grants the motion, as it covers the exact subject matter of this Motion and the governmental defendants are entitled to judgment.  The Adversary Proceeding should also be closed.

**IT IS SO ORDERED.**

Dated: New York, New York
March 13, 2006

*/s/ Allan L. Gropper*
UNITED STATES BANKRUPTCY JUDGE

4